# THE ATTORNEY GENERAL
## OF TEXAS



GROVER SELLERS

ATTORNEY GENERAL

Honorable T. M. Trimble
First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. O-7191
Re: Whether a County Auditor may
    legally serve as a trustee of a
    common school district.

Your letter of April 1, requesting an opinion of this department, reads
as follows:

"In view of the fact that county auditors do on many
occasions audit the books of common school districts
which are kept in the office of the county superintendents,
could a county auditor legally serve as a trustee of a
common school district?"

The following statutes pertain to the duties of the county auditor as
they relate to the common school districts:

"Art. 1652. School Ledger -- The auditor shall install
in his office a school ledger showing as accurate account
of all funds received and disbursed by the common school
districts of his county; a bond register showing all the
school bonds issued by the common school districts of his
county, their rate of interest, date issued and maturity
date; and he shall also keep an interest and sinking
fund account of such school bonds.

"Art. 1653. To examine accounts. -- He shall have continual
access to and shall examine all the books, accounts, reports,
vouchers and other records of any officer, the orders of
the commissioners court, relating to finances of the county,
and all vouchers given by the trustee of all common school
districts of the county and shall inquire into the
correctness of same."

This department has heretofore held that it is mandatory that the
county auditor keeps the school ledger mentioned in Article 1652,
supra. Opinions, O-2734 approved September 23, 1940, O-2734-A,
approved November 7, 1940, and O-3660 approved July 22, 1941.

Your request presents the question of incompatibility in the two offices, the rule as to such being summarized in 34 Tex. Jur., page 354, as follows:

> "Having elected to accept and qualify for the second office, ipso facto, and as a matter of law, he vacates the first office. This is true, where both offices are places of emolument, regardless of whether they are incompatible, and if they are incompatible there is a vacation of the first office regardless of whether both are offices of emolument within the meaning of the constitution. In such circumstances the constitutional provision that all officers shall continue to perform duties of their office until a successor has been qualified does not apply."

Trustees of a common school district are "public officers" and must subscribe to the oath prescribed in the constitution. 37 Tex. Jur., page 935, Sec. 68.

In the case of Williams vs. Thompkins, 42 S. W. (2d) 106, the court defines "audit" as means to hear, determine, and adjust or certify, and an "audit" means that an official examination has been made of an account or claim, comparing vouchers, charges, and fixing the balance.

We deem it unnecessary to go into or discuss the various duties and statutory provisions relating to trustees of common school districts beginning with their powers granted in Article 2747 and following. Suffice to say that the county auditor's duties cannot be said to be in no manner inconsistent and never in conflict. The very nature of the office requires such officer to hold himself aloof of any possible conflict or inconsistency, it being his duty to question any irregularity or inaccurate accounting of school funds, as reflected from the books, accounts, reports, and vouchers of the school district or county superintendent's office.

In conference opinion No. 1824, Book 50, page 1-7 Reports of the Attorney General, rendered June 27, 1927, to the Hon. H. L. Washman, County Auditor, Houston, Texas, it was held as follows:

> "His (the county auditor's authority to examine into the correctness of such vouchers to our minds was conferred merely for the purpose of giving him the right to audit such vouchers, and if in his judgment, the same were unlawfully drawn to report the same to the proper authorities of the county, for such action as might be indicated thereby."

The relative duties respecting the two offices of County Auditor and Trustee presents a stronger case of incompatibility by analogy than presented in Thomas et al vs. Abernathy County Line Independent School District, 290, S. W. 152.  The County Auditor would be auditing the books, accounts, etc., of the Board of Trustees of which he was a member.

In answering your request, it is therefore the opinion of this department that a county auditor cannot legally serve as a trustee of a common school district, the two offices being incompatible.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Wm. J. R. King


By
Wm. J. R. King
Assistant

WJRK:JCP/ldw

APPROVE APR. 17, 1946
s/ Grover Sellers
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION
COMMITTEE
BY B. W. B.
CHAIRMAN